IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GELLYFISH TECHNOLOGY OF TEXAS, LLC<br><br>        PLAINTIFF,<br><br>  v.<br><br>ALLTEL CORP.; AT&T MOBILITY, LLC F/K/A CINGULAR; AUDIOVOX COMMUNICATIONS CORP. D/B/A AUDIOVOX; BEST BUY CO., INC.; BEST BUY MOBILE LLC; BEST BUY STORES, L.P. D/B/A BEST BUY; HEWLETT PACKARD CORP.; HIGH TECH COMPUTER CORP. A/K/A HTC CORP.; HTC AMERICA, INC.; LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; MOTOROLA, INC.; MOTOROLA MOBILITY, INC.; NOKIA CORP.; NOKIA, INC.; OTTER PRODUCTS, LLC; PERSONAL COMMUNICATIONS DEVICES, LLC; QWEST COMMUNICATIONS INT'L INC., D/B/A QWEST WIRELESS; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SHARP CORP.; SHARP ELECTRONICS CORP.; SONY ELECTRONICS, INC.; SONY CORP.; SONY CORP. OF AMERICA SPRINT NEXTEL CORP. D/B/A SPRINT; SYMBOL TECHNOLOGIES, INC.; TIGER DIRECT, INC.; T-MOBILE USA, INC.; UNITED STATES CELLULAR CORP. D/B/A U.S. CELLULAR; UTSTARCOM, INC. F/K/A AUDIOVOX; VERIZON COMMUNICATIONS INC. D/B/A VERIZON WIRELESS; AND WAL-MART STORES, INC.<br><br>        DEFENDANTS. | CIVIL ACTION NO. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GELLYFISH TECHNOLOGY OF TEXAS, LLC files this Complaint against

the Defendants named herein, namely ALLTEL CORP.; AT&T MOBILITY, LLC F/K/A

CINGULAR; AUDIOVOX COMMUNICATIONS CORP.; BEST BUY CO., INC.; BEST BUY MOBILE LLC; BEST BUY STORES, L.P. D/B/A BEST BUY; HEWLETT PACKARD CORP.; HIGH TECH COMPUTER CORP. A/K/A HTC CORP.; HTC AMERICA, INC.; LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; MOTOROLA, INC.; MOTOROLA MOBILITY, INC.; NOKIA, CORP.; NOKIA, INC.; OTTER PRODUCTS, LLC; PERSONAL COMMUNICATIONS DEVICES, LLC; QWEST COMMUNICATIONS INT'L INC., D/B/A QWEST WIRELESS; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SHARP CORP.; SHARP ELECTRONICS CORP.; SONY ELECTRONICS, INC.; SONY CORP.; SONY CORP. OF AMERICA; SPRINT NEXTEL CORP. D/B/A SPRINT; SYMBOL TECHNOLOGIES, INC.; TIGER DIRECT, INC.; T-MOBILE USA, INC.; UNITED STATES CELLULAR CORP. D/B/A U.S. CELLULAR; UTSTARCOM, INC. F/K/A AUDIOVOX; VERIZON COMMUNICATIONS INC. D/B/A VERIZON WIRELESS; and WAL-MART STORES, INC. (collectively "Defendants"), as follows:

## PARTIES

1.      Plaintiff GELLYFISH TECHNOLOGY OF TEXAS, LLC ("GELLYFISH" or "Plaintiff") is a Texas limited liability company with a place of business in Marshall, Texas.

2.      On information and belief, Defendant ALLTEL CORP. ("ALLTEL") has a place of business in Little Rock, Arkansas.

3.      On information and belief, Defendant AT&T MOBILITY, LLC F/K/A CINGULAR ("AT&T") has a place of business in Dallas, Texas.

4.      On information and belief, Defendant AUDIOVOX COMMUNICATIONS CORP. D/B/A AUDIOVOX ("ACC") has a place of business in Hauppauge, New York.

5.      On information and belief, Defendant BEST BUY CO., INC has a place of business in Richfield, Minnesota.

6.      On information and belief, Defendant BEST BUY MOBILE LLC has a place of business in Richfield, Minnesota.

7.      On information and belief, Defendant BEST BUY STORES, L.P. D/B/A BEST BUY has a place of business in Richfield, Minnesota.  Hereinafter, BEST BUY CO., INC., BEST BUY MOBILE LLC and BEST BUY STORES, L.P. D/B/A BEST BUY are referred to collectively as "BEST BUY."

8.      On information and belief, Defendant HEWLETT PACKARD CORP. ("HP") has a place of business in Palo Alto, California.

9.      On information and belief, Defendant HIGH TECH COMPUTER CORP. A/K/A HTC CORP. has a place of business in Taiwan.

10.      On information and belief, Defendant HTC AMERICA, INC. has a place of business in Bellevue, Washington. Hereinafter, HIGH TECH COMPUTER CORP. A/K/A HTC CORP. and HTC AMERICA, INC. are referred to collectively as "HTC."

11.      On information and belief, Defendant LG ELECTRONICS, INC. has a place of business in Seoul, South Korea.

12.      On information and belief, Defendant LG ELECTRONICS U.S.A., INC. has a place of business Englewood Cliffs, New Jersey.

13.      On information and belief, Defendant LG ELECTRONICS MOBILECOMM U.S.A., INC. has a place of business in San Diego, California.   Hereinafter, LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC. are referred to collectively as "LG."

14.     On information and belief, Defendant MOTOROLA, INC. has a place of business in Schaumburg, Illinois.

15.     On information and belief, Defendant MOTOROLA MOBILITY, INC. has a place of business in Libertyville, Illinois.   Hereinafter, MOTOROLA, INC. and MOTOROLA MOBILITY, INC. are referred to collectively as "MOTOROLA."

16.     On information and belief, Defendant NOKIA CORP. has a place of business in Espoo, Finland.

17.     On information and belief, Defendant NOKIA, INC. has a place of business in Irving, Texas.   Hereinafter, NOKIA CORP. and NOKIA, INC. are referred to collectively as "NOKIA."

18.     On information and belief, Defendant OTTER PRODUCTS, LLC ("OTTER") has a place of business in Fort Collins, Colorado.

19.     On information and belief, Defendant PERSONAL COMMUNICATIONS DEVICES, LLC ("PCD") has a place of business in Hauppauge, New York.

20.     On information and belief, Defendant QWEST COMMUNICATIONS INT'L INC., D/B/A QWEST WIRELESS ("QWEST") has a place of business in Denver, Colorado.

21.     On information and belief, Defendant SAMSUNG ELECTRONICS CO., LTD. has a place of business in Yongin-City, Kyunggi-Do, South Korea.

22.     On information and belief, Defendant SAMSUNG TELECOMMUNICATIONS AMERICA, LLC has a place of business in Richardson, Texas.   Hereinafter, SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC are referred to collectively as "SAMSUNG."

23.    On information and belief, Defendant SHARP CORP. has a place of business in Abeno-ku, Osaka, Japan.

24.    On information and belief, Defendant SHARP ELECTRONICS CORP. has a place of business in Mahwah, New Jersey.   Hereinafter, SHARP CORP. and SHARP ELECTRONICS CORP. are referred to collectively as "SHARP."

25.    On information and belief, Defendant SONY ELECTRONICS, INC. has a place of business in San Diego, California.

26.    On information and belief, Defendant SONY CORP. has a place of business in Tokyo, Japan.

27.    On information and belief, Defendant SONY CORP. OF AMERICA has a place of business in New York, New York.   Hereinafter, SONY ELECTRONICS, INC., SONY CORP. AND SONY CORP. OF AMERICA are referred to collectively as "SONY."

28.    On information and belief, Defendant SPRINT NEXTEL CORP. D/B/A SPRINT ("SPRINT") has a place of business in Overland Park, Kansas.

29.    On information and belief, Defendant SYMBOL TECHNOLOGIES, INC. ("SYMBOL") has a place of business in Holtsville, New York.

30.    On information and belief, Defendant TIGER DIRECT, INC. ("TIGER DIRECT") has a place of business in Miami, Florida.

31.    On information and belief, Defendant T-MOBILE USA, INC. ("T-MOBILE") has a place of business in Bellevue, Washington.

32.    On information and belief, Defendant UNITED STATES CELLULAR CORP. D/B/A U.S. CELLULAR ("US CELLULAR") has a place of business in Chicago, Illinois.

33.     On information and belief, Defendant UTSTARCOM, INC. F/K/A AUDIOVOX COMMUNICATIONS has a place of business in Alameda, California.     Hereinafter, UTSTARCOM, INC. F/K/A AUDIOVOX COMMUNICATIONS and ACC are referred to collectively as "UTSTARCOM."

34.     On information and belief, Defendant VERIZON COMMUNICATIONS INC. D/B/A VERIZON WIRELESS ("VERIZON") has a place of business in New York, New York.

35.     On information and belief, Defendant WAL-MART STORES, INC. ("WAL-MART") has a place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

36.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, at least ALLTEL, AT&T, BEST BUY, OTTER, QWEST, SPRINT, TIGER DIRECT, T-MOVILE, VERIZON and WAL-MART have interactive websites which sell or offer for sale infringing devices and apparatuses which are at least used in and/or accessible in this forum.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

37.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in

this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein.  Further, on information and belief, at least ALLTEL, AT&T, BEST BUY, OTTER, QWEST, SPRINT, TIGER DIRECT, T-MOVILE, VERIZON and WAL-MART have interactive websites which sell or offer for sale infringing devices and apparatuses which are at least used in and/or accessible in this district.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

38.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites through which comprising infringing apparatuses may be sold which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

39.     Further, venue of this action is appropriate and convenient because this Court is hearing a parallel action for infringement of the same '310 Patent, styled *Gellyfish Technology of Texas, LLC v. Acer America Corp. et al*, 2:11-cv-0038.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,310

40.     United States Patent No. 6,847,310 (the "'310 patent"), entitled "Keyboard," duly and legally issued on January 25, 2005.

41.     GELLYFISH is the assignee of the '310 Patent and it has standing to bring this lawsuit for infringement of the '310 Patent.

42.     The claims of the '310 Patent cover, *inter alia,* devices and apparatuses which comprise keyboards for multi-functions devices.  More particularly, the '310 Patent covers an alphabetic keyboard for use in devices having a relatively small size or which are otherwise limited in space for providing a keyboard.  The keyboard described in the '310 Patent includes a standard QWERTY-style alphabetic keyboard and also includes a numerical keypad positioned coincident with the right-hand side of the alphabetic keyboard.

43.     On information and belief, all Defendants named herein have infringed the '310 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent. More specificially:

44.     On information and belief, ALLTEL has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard    and

which are covered by one or more claims of the '310 patent.  On information and belief, such devices and apparatuses comprise the HTC PPC6800.

45.     On information and belief, AT&T has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard   and which are covered by one or more claims of the '310 patent.

46.     On information and belief, AT&T sells and offers for sale at least the HP iPAQ hw6920; HP iPAQ hw6925, HP iPAQ hw6510, HP iPAQ hw6515, HP iPAQ h6320, HP iPAQ h6325; HTC 8525; AT&T 8525/8500; HTC TyTN; HTC 8925; HTC Tilt; AT&T Tilt; HTC TyTN II; HTC HTC Kaiser; HTC P4550; LG Neon II; LG Xenon; LG Expo; AT&T Quickfire; PCD GTX75; UTStarcom GTX75; UTStarcom Quickfire and Nokia 3300.

47.     On information and belief, AT&T's infringing devices and apparatuses comprise the HP iPAQ hw6920; HP iPAQ hw6925, HP iPAQ hw6510, HP iPAQ hw6515, HP iPAQ h6320, HP iPAQ h6325; HTC 8525; AT&T 8525/8500; HTC TyTN; HTC 8925; HTC Tilt; AT&T Tilt; HTC TyTN II; HTC HTC Kaiser; HTC P4550; LG Neon II; LG Xenon; LG Expo; AT&T Quickfire; PCD GTX75; UTStarcom GTX75; UTStarcom Quickfire and Nokia 3300.

48.     On information and belief, BEST BUY has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard   and which are covered by one or more claims of the '310 patent.

49.     On information and belief, BEST BUY sells and offers for sale at least the LG Neon II, LG Xenon; and Samsung Flight II.

50.     On information and belief, BEST BUY's infringing devices and apparatuses comprise the LG Neon II, LG Xenon; and Samsung Flight II.

51.     On information and belief, HP has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

52.     On information and belief, HP makes, uses, sells and offers for sale at least the HP iPAQ H4350 & 4355, HP iPAQ hw6915, HP iPAQ hw6920, HP iPAQ HW 6925, HP iPAQ HW 6940, HP iPAQ HW 6945, HP iPAQ hw6510, HP iPAQ hw6515, HP iPAQ h6315, HP iPAQ h6320, and HP iPAQ h6325.

53.     On information and belief, HP's infringing devices and apparatuses comprise the HP iPAQ H4350 & 4355, HP iPAQ hw6915, HP iPAQ hw6920, HP iPAQ HW 6925, HP iPAQ HW 6940, HP iPAQ HW 6945, HP iPAQ hw6510, HP iPAQ hw6515, HP iPAQ h6315, HP iPAQ h6320, and HP iPAQ h6325.

54.     On information and belief, HTC has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

55.     On information and belief, HTC makes, uses, sells and offers for sale at least the HTC 8525; AT&T 8525/8500; HTC TyTN; HTC 8925; HTC Tilt; AT&T Tilt; HTC TyTN II; HTC HTC Kaiser; HTC P4550; HTC Athena Advantage X7500; T-Mobile Ameo; HTC Athena Advantage X7501; HTC Mogul; Qwest Mogul; Verizon XV6800; Sprint PPC6800; HTC Sprint Mogul; HTC PPC6800; T-Mobile MDA III; HTC Blue Angel; T-Mobile Wing; HTC P4350/4351; HTC Wing; HTC Atlas; UTStarcom XV6800;HTC XV6800; UTStarcom XV6600/6601; and HTC Harrier.

56.     On information and belief, HTC's infringing devices and apparatuses comprise the HTC 8525; AT&T 8525/8500; HTC TyTN; HTC 8925; HTC Tilt; AT&T Tilt; HTC TyTN II; HTC HTC Kaiser; HTC P4550; HTC Athena Advantage X7500; T-Mobile Ameo; HTC Athena Advantage X7501; HTC Mogul; Qwest Mogul; Verizon XV6800; Sprint PPC6800; HTC Sprint Mogul; HTC PPC6800; T-Mobile MDA III; HTC Blue Angel; T-Mobile Wing; HTC P4350/4351; HTC Wing; HTC Atlas; UTStarcom XV6800;HTC XV6800; UTStarcom XV6600/6601; and HTC Harrier.

57.     On information and belief, LG has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

58.     On information and belief, LG makes, uses, sells and offers for sale at least the LG Neon II; LG Xenon; and LG Expo.

59.     On information and belief, LG's infringing devices and apparatuses comprise the LG Neon II; LG Xenon; and LG Expo.

60.     On information and belief, MOTOROLA has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

61.     On information and belief, MOTOROLA makes, uses sells and offers for sale at least the Motorola Slide, Motorola Sidekick, Motorola Sidekick Slide, TMobile Sidekick Slide and Motorola MC50.

62.     On information and belief, MOTORLA's infringing devices and apparatuses comprise the Motorola Slide, Motorola Sidekick, Motorola Sidekick Slide, TMobile Sidekick Slide and Motorola MC50.

63.     On information and belief, NOKIA has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard  and which are covered by one or more claims of the '310 patent.

64.     On information and belief, NOKIA makes, uses, sells and offers for sale at least the Nokia 3300.

65.     On information and belief, NOKIA's infringing devices and apparatuses comprise the Nokia 3300.

66.     On information and belief, OTTER has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which

further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

67.     On information and belief, OTTER makes, uses, sells and offers for sale at least the Otterbox 1900 Keypad Accessory; Otterbox 1901 Keypad Solution; Otterbox Kit 073 Keypad; Otterbox Case and Keypad; and Otterbox Total Package 1901-05.

68.     On information and belief, OTTER's infringing devices and apparatuses comprise the Otterbox 1900 Keypad Accessory; Otterbox 1901 Keypad Solution; Otterbox Kit 073 Keypad; Otterbox Case and Keypad; and Otterbox Total Package 1901-05.

69.     On information and belief, PCD has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

70.     On information and belief, PCD makes, uses, sells and offers for sale at least the PCD GTX75.

71.     On information and belief, PCD's infringing devices and apparatuses comprise the PCD GTX75.

72.     On information and belief, QWEST has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard   and which are covered by one or more claims of the '310 patent.

73.     On information and belief, QWEST sells and offers for sale at least the HTC Mogul, Qwest Mogul and HTC PPC6800.

74.     On information and belief, QWEST's infringing devices and apparatuses comprise the HTC Mogul, Qwest Mogul and HTC PPC6800.

75.     On information and belief, SAMSUNG has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard  and which are covered by one or more claims of the '310 patent.

76.     On information and belief, SAMSUNG makes, uses, sells and offers for sale at least the Samsung Flight II.

77.     On information and belief, SAMSUNG's infringing devices and apparatuses comprise the Samsung Flight II.

78.     On information and belief, SHARP has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

79.     On information and belief, SHARP makes, use, sells and offers for sale at least the Sharp Hiptop 3; Sharp Sidekick 3; Sharp Sidekick 3 Dwayne Wade Ed.; Sharp Sidekick 3 Diane von Furstenburg Limited Ed.; Sharp Sidekick 3 LRG Limited Ed.; Sharp Sidekick LX; Sharp Sidekick; Sharp Sidekick II; Sharp Sidekick II Juicy Couture; Sharp Sidekick II Mister Cartoon and Sharp Sidekick iD.

80.      On information and belief, SHARP's infringing devices and apparatuses comprise the Sharp Hiptop 3; Sharp Sidekick 3; Sharp Sidekick 3 Dwayne Wade Ed.; Sharp Sidekick 3 Diane von Furstenburg Limited Ed.; Sharp Sidekick 3 LRG Limited Ed.; Sharp Sidekick LX; Sharp Sidekick; Sharp Sidekick II; Sharp Sidekick II Juicy Couture; Sharp  Sidekick II Mister Cartoon and Sharp Sidekick iD.

81.      On information and belief, SONY has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

82.      On information and belief, SONY makes, uses, sells and offers for sale at least the Sony Mylo.

83.      On information and belief, SONY's infringing devices and apparatuses comprise the such devices and apparatuses comprise the Sony Mylo.

84.      On information and belief, SPRINT has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard   and which are covered by one or more claims of the '310 patent.

85.      On information and belief, SPRINT sells and offers for sale at least the HTC Mogul; Sprint PPC6800; HTC Sprint Mogul; HTC PPC6800; UT Starcom XV6800; HTC XV6800; Sprint PPC 6800; HTC Mogul; and UTStarcom XV6600/6601; HTC Harrier and Sprint PPC-6600/6601.

86.     On information and belief, SPRINT'S infringing devices and apparatuses comprise the HTC Mogul; Sprint PPC6800; HTC Sprint Mogul; HTC PPC6800; UT Starcom XV6800; HTC XV6800; Sprint PPC 6800; HTC Mogul; and UTStarcom XV6600/6601; HTC Harrier and Sprint PPC-6600/6601.

87.     On information and belief, SYMBOL has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard   and which are covered by one or more claims of the '310 patent.

88.     On information and belief, SYMBOL sells and offers for sale at least the Motorola MC50.

89.     On information and belief, SYMBOL's infringing devices and apparatuses comprise the Motorola MC50.

90.     On information and belief, TIGER DIRECT has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

91.     On information and belief, TIGER DIRECT sells and offers for sale at least the HP iPAQ HW6945.

92.     On information and belief, TIGER DIRECT's infringing devices and apparatuses comprise the HP iPAQ HW6945.

93.     On information and belief, T-MOBILE has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard   and which are covered by one or more claims of the '310 patent.

94.     On information and belief, T-MOBILE sells and offers for sale at least the HP iPAQ h6315; HTC Athena Advantage X7500; T-Mobile Ameo; Motorola Slide; Motorola Sidekick; Motorola Sidekick Slide; TMobile Sidekick Slide; Sharp Hiptop ; Sharp Sidekick 3; Sharp Sidekick 3 Dwayne Wade Ed.; Sharp  Sidekick 3 Diane von Furstenburg Limited Ed.; Sharp  Sidekick 3 LRG Limited Ed.; Sharp  Sidekick LX Sidekick; Sharp Sidekick II; Sharp Sidekick II Juicy Couture; Sharp Sidekick II Mister Cartoon; Sharp Sidekick iD; T-Mobile MDA III; HTC Blue Angel; T-Mobile Wing; HTC P4350/4351; HTC Wing (P4350); HTC Atlas (P4351) and Nokia 3300.

95.     On information and belief, T-MOBILE's infringing devices and apparatuses comprise the HP iPAQ h6315; HTC Athena Advantage X7500; T-Mobile Ameo; Motorola Slide; Motorola Sidekick; Motorola Sidekick Slide; TMobile Sidekick Slide; Sharp Hiptop ; Sharp Sidekick 3; Sharp Sidekick 3 Dwayne Wade Ed.; Sharp  Sidekick 3 Diane von Furstenburg Limited Ed.; Sharp  Sidekick 3 LRG Limited Ed.; Sharp  Sidekick LX Sidekick; Sharp Sidekick II; Sharp  Sidekick II Juicy Couture; Sharp Sidekick II Mister Cartoon; Sharp Sidekick iD; T-Mobile MDA III; HTC Blue Angel; T-Mobile Wing; HTC P4350/4351; HTC Wing (P4350); HTC Atlas (P4351) and Nokia 3300.

96.     On information and belief, US CELLULAR has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the

United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

97.    On information and belief, US CELLULAR sells and offers for sale at least the HTC PPC6800.

98.    On information and belief, US CELLULAR's infringing devices and apparatuses comprise the HTC PPC6800.

99.    On information and belief, UTSTARCOM has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

100.    On information and belief, UTSTARCOM makes, uses, sells and offers for sale at least the UT Starcom XV6800; Verizon VX6800; HTC XV6800; Sprint PPC 6800; HTC Mogul; UTStarcom XV6600/6601; HTC Harrier; Sprint PPC-6600/6601; AT&T Quickfire; PCD GTX75; UTStarcom GTX75 and UTStarcom Quickfire.

101.    On information and belief, UTSTARCOM's infringing devices and apparatuses comprise the UT Starcom XV6800; Verizon VX6800; HTC XV6800; Sprint PPC 6800; HTC Mogul; UTStarcom XV6600/6601; HTC Harrier; Sprint PPC-6600/6601; AT&T Quickfire; PCD GTX75; UTStarcom GTX75 and UTStarcom Quickfire.

102.    On information and belief, VERIZON has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further

includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

103. On information and belief, VERIZON sells and offers for sale at least the HTC Mogul; Verizon XV6800; HTC PPC6800; UT Starcom XV6800; Verizon VX6800; HTC XV6800; HTC Mogul; UTStarcom XV6600/6601 and HTC Harrier.

104. On information and belief, VERIZON's infringing devices and apparatuses comprise the HTC Mogul; Verizon XV6800; HTC PPC6800; UT Starcom XV6800; Verizon VX6800; HTC XV6800; HTC Mogul; UTStarcom XV6600/6601 and HTC Harrier.

105. On information and belief, WAL-MART has infringed the '310 patent in violation of 35 U.S.C. § 271 through actions comprising the selling and/or offering for sale in the United States devices and apparatuses which comprise at least an alphabetic keyboard which further includes a numerical keyboard coincident with the right half of the alphabetic keyboard and which are covered by one or more claims of the '310 patent.

106. On information and belief, WAL-MART sells and offers for sale at least the Samsung Flight II.

107. On information and belief, WAL-MART's infringing devices and apparatuses comprise the Samsung Flight II.

108. GELLYFISH reserves the right to assert willful infringement if the facts so warrant.

109. GELLYFISH reserves the right to assert induced and/or contributory infringement if the facts so warrant.

110. GELLYFISH reserves the right to request an exceptional case finding if the facts so warrant.

111.    As a result of Defendants' infringing conduct, Defendants have damaged GELLYFISH. Defendants are liable to GELLYFISH in an amount that adequately compensates GELLYFISH for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, GELLYFISH respectfully requests that this Court enter:

1.    A judgment in favor of GELLYFISH that Defendants have infringed the '310 patent;

2.    A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '310 patent;

3.    A judgment and order requiring Defendants to pay GELLYFISH its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '310 patent as provided under 35 U.S.C. § 284; and

4.    Any and all other relief to which GELLYFISH may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, GELLYFISH requests a trial by jury of any issues so triable by right.


April 13, 2011                              Respectfully submitted,

                                           GELLYFISH TECHNOLOGY OF TEXAS
                                           LLC

                                           By: /s/ *John J. Edmonds*
                                           John J. Edmonds – Lead Counsel
                                           Texas Bar No. 789758
                                           Stephen F. Schlather
                                           Texas Bar No. 24007993
                                           COLLINS, EDMONDS & POGORZELSKI, PLLC

1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com

William E. Davis, III
Texas Bar No. 24047416
THE DAVIS FIRM P.C.
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@bdavisfirm.com

ATTORNEYS FOR PLAINTIFF
GELLYFISH TECHNOLOGY OF TEXAS
LLC