IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GELLYFISH TECHNOLOGY OF TEXAS, LLC | § § § § § § | Civil Action 2:11-cv-00216-TJW -CE |
| | | JURY TRIAL DEMANDED |
| v. | | |
| ALLTEL CORP., ET AL. | | |

**QWEST WIRELESS, L.L.C.'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT UNDER 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), defendant Qwest Wireless, L.L.C. (Qwest) moves to dismiss Gellyfish Technology of Texas, LLC's (Gellyfish) Original Complaint for lack of personal jurisdiction.

### INTRODUCTION

Gellyfish filed its complaint in this action claiming to be the owner of U.S. Patent No. 6,847,310 (the '310 patent) and alleging infringement of that patent by numerous entities, including Qwest.[1] Gellyfish asserts that this Court can exercise personal jurisdiction over Qwest because Qwest allegedly sells or offers for sale infringing services and products to customers in this District. Dkt. #1 at ¶72. These allegations of jurisdiction are unfounded: Qwest does not conduct business in Texas; it does not sell any products or services in Texas; it does not own or lease any real property in Texas; it does not pay any property taxes in Texas; and it does not hold any bank accounts in Texas. Qwest respectfully requests that the Court dismiss Qwest for lack of personal jurisdiction.

---

[1] Gellyfish's Complaint alleges that Qwest Communications International Inc. d/b/a Qwest Wireless infringes. However, because Qwest Wireless, L.L.C. is a separate legal entity, the Court granted Qwest's unopposed motion to substitute Qwest Wireless, L.L.C. for Qwest Communications International Inc. Dkt. #120.

#### BACKGROUND

Qwest was formed under the laws of the State of Delaware, and its executive offices are located at 100 Centurylink Drive, Monroe, Louisiana 71203. Exh. A (Decl. of Joan Randazzo) at ¶3. Qwest has no presence in Texas. Qwest does not conduct any business in Texas. *Id*. at ¶4. Qwest does not sell any products or services in Texas. *Id.* at ¶7. Qwest does not own or lease any real property in Texas, and does not pay any property taxes in Texas. *Id.* at ¶5. Nor does Qwest hold any bank accounts in Texas. *Id.* at ¶6. Qwest does not have any employees in Texas. *Id.* at ¶10. Qwest, moreover, maintains separate and independent by-laws, corporate records and minutes, financial records, and bank accounts from any other Qwest entity. *Id.* at ¶9.

#### ARGUMENT

The Court should dismiss Qwest for lack of jurisdiction because Qwest lacks any relevant contact with Texas to establish specific, much less general, jurisdiction. Though "[t]he court must accept the uncontroverted allegations of plaintiff's complaint as true and resolve any factual conflicts in favor of the plaintiff," Gellyfish bears the burden of establishing a prima facie case that Qwest is subject to personal jurisdiction. *PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*, No. 3-07-CV-0303-M, 2008 WL 779906, at *2 (N.D. Tex. Mar. 25, 2008). Under Federal Circuit precedent, for a district court to exercise personal jurisdiction over a defendant, "the defendant must be amenable to service of process under the forum state's long-arm statute" and "the exercise of jurisdiction must comport with due process." *PrimeSource*, 2008 WL 779906, at *2.[2] In Texas, because the long-arm statute extends to the limits of due process, a district court may limit its inquiry simply to whether the exercise of personal jurisdiction comports with the constitutional requirements of due process. *Id.*

---

[2] "Federal Circuit law governs the issue of personal jurisdiction in patent infringement and declaratory judgment actions." *PrimeSource*, 2008 WL 779906, at *2 (citing *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002)).

The Supreme Court has held that in order to comport with due process, a defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  In weighing whether a defendant has sufficient minimum contacts with the forum, a district court must look to whether those contacts establish general or specific jurisdiction.  *PrimeSource*, 2008 WL 779906, at *2.

### I.  GELLYFISH CANNOT SHOW THAT QWEST TARGETED THE FORUM OR HAD ANY SPECIFIC CONTACTS WITH TEXAS.

The Court lacks jurisdiction over Qwest because Qwest did not target the forum, and specifically, it did not sell the allegedly infringing products in Texas.  Specific jurisdiction exists when a defendant's contacts with the forum state arise from, or are directly related to, the cause of action.  *Id*. (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).  In assessing specific jurisdiction under the "stream of commerce" theory, a plurality of the Supreme Court recently held that a defendant must have "targeted the forum" for jurisdiction to attach.  *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2788 (June 2011).  "[I]t is not enough that the defendant might have predicted that its goods will reach the forum State." *Id*.  The concurrence of *J. McIntyre Machinery*—despite not agreeing to such a broad rule as established by the plurality—held that the British defendant's selling and shipping one machine to the jurisdiction and intent to have its distributor sell machinery to residents of the forum did not suffice to establish jurisdiction.

Like in *J. McIntyre Machinery*, Qwest does not have the required contacts with Texas to establish jurisdiction.  Indeed, even more than *J. McIntyre Machinery*, which had at least one sale in the forum, Qwest had no sales of the allegedly infringing products in Texas.  Exh. A

3

(Randazzo Decl.) at ¶8. Further, Qwest never targeted Texas as a forum. *See id*. at ¶¶7-8. Without any specific sales of the accused products in Texas or any other contacts that "are directly related to[] the cause of action," there simply is no specific jurisdiction over Qwest in this case. *PrimeSource*, 2008 WL 779906, at *2.

## II. GELLYFISH CANNOT SHOW THAT QWEST HAD CONTINUOUS OR SYSTEMATIC CONTACTS WITH TEXAS.

Qwest's lack of contact with Texas similarly precludes a finding of general jurisdiction in this case. "General jurisdiction" exists "when the nonresident defendant has other 'continuous and systematic' contacts with the forum unrelated to the pending litigation." *Id*. (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2849-50 (2011) (holding that sporadic sales of tires through intermediaries did not establish general jurisdiction because the in-state activity was not "continuous and systematic").

In this case, Qwest does not have "continuous and systematic" contacts with Texas to establish jurisdiction. In fact, Qwest has no contacts with Texas. Qwest is incorporated in Delaware and has executive offices in Louisiana. Exh. A (Randazzo Decl.) at ¶3. Qwest does not sell any products or services or conduct any other business in Texas. *Id.* at ¶¶4, 7-8. Qwest does not own or lease any real property in Texas and does not pay any property taxes in Texas. *Id.* at ¶5. Qwest has no employees in Texas. *Id.* at ¶10. And Qwest does not hold any bank accounts in Texas. *Id.* at ¶6.

Courts repeatedly have granted motions to dismiss in similar circumstances. *See Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1463, 1468 (Fed. Cir. 1998) (affirming dismissal because company had no offices, employees, or agents in the forum and did not manufacture or sell equipment or otherwise conduct business there); *PrimeSource*, 2008 WL

4

779906, at *3-9 (holding no personal jurisdiction where defendant "does not manufacture or sell any products" and otherwise had insufficient contacts with the forum); *Payne v. County of Kershaw, S.C.*, No. 3:08-CV-0792-G, 2008 WL 2876592, at *4-6 (N.D. Tex. July 25, 2008) (dismissing case for lack of personal jurisdiction where defendant was "located entirely within the State of South Carolina and does not conduct any business in Texas"). Qwest's lack of contacts with Texas thus militates that the Court dismiss Qwest without prejudice.

## CONCLUSION

For these reasons, defendant Qwest Wireless, L.L.C. respectfully requests that the Court grant its request to dismiss without prejudice.

July 22, 2011                                         Respectfully submitted,

                                                      By: */s/ Kevin J. Terrazas*
                                                      Kevin J. Terrazas
                                                      Texas Bar No. 24060708
                                                      YETTER COLEMAN LLP
                                                      221 W. 6th St., Suite 750
                                                      Austin, Texas 78701
                                                      Tel.: (512) 533.0150
                                                      Fax: (512) 533.0120
                                                      Email: kterrazas@yettercoleman.com


                                                      ATTORNEY FOR DEFENDANT
                                                      QWEST WIRELESS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

July 22, 2011                         /s/ *Kevin J. Terrazas*
                                      Kevin J. Terrazas

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GELLYFISH TECHNOLOGY OF TEXAS, LLC | § § § | Civil Action 2:11-cv-00216-TJW -CE |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| ALLTEL CORP., ET AL. | § | |

## ORDER

Defendant Qwest Wireless, L.L.C.'s Motion to Dismiss Plaintiff's Original Complaint for Lack of Personal Jurisdiction is hereby GRANTED. The Original Complaint is hereby dismissed without prejudice with respect to Qwest Wireless, L.L.C.