**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GELLYFISH TECHNOLOGY OF TEXAS, LLC, <br> Plaintiff, <br><br> v. <br><br> ALLTEL CORP., ET AL., <br> Defendants. | Case No. 2:11-cv-00216-DF-CE <br><br><br> Jury Trial Demanded |

## FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF MOTOROLA MOBILITY, INCORPORATED

Motorola Mobility, Inc. ("Motorola Mobility"), pursuant to Federal Rules of Civil Procedure 7, 8, 9, 12, and 13, files its Answer, Affirmative Defenses and Counterclaim to the Complaint of Gellyfish Technology of Texas, LLC ("Gellyfish") as follows:

### PARTIES

1.     Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 1 of Gellyfish's Complaint and therefore denies same.

2.     The allegations of Paragraph 2 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 2 of Gellyfish's Complaint and therefore denies same.

3.     The allegations of Paragraph 3 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 3 of Gellyfish's Complaint and therefore denies same.

1

4.      The allegations of Paragraph 4 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 4 of Gellyfish's Complaint and therefore denies same.

5.      The allegations of Paragraph 5 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5 of Gellyfish's Complaint and therefore denies same.

6.      The allegations of Paragraph 6 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6 of Gellyfish's Complaint and therefore denies same.

7.      The allegations of Paragraph 7 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 7 of Gellyfish's Complaint and therefore denies same.

8.      The allegations of Paragraph 8 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 8 of Gellyfish's Complaint and therefore denies same.

9.      The allegations of Paragraph 9 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 9 of Gellyfish's Complaint and therefore denies same.

10.      The allegations of Paragraph 10 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 10 of Gellyfish's Complaint and therefore denies same.

11.     The allegations of Paragraph 11 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 11 of Gellyfish's Complaint and therefore denies same.

12.     The allegations of Paragraph 12 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 12 of Gellyfish's Complaint and therefore denies same.

13.     The allegations of Paragraph 13 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 13 of Gellyfish's Complaint and therefore denies same.

14.     Upon information and belief, Motorola Mobility admits that Motorola Solutions, Inc., has a place of business in Schaumburg, Illinois.[1]

15.     Motorola Mobility admits that it has a place of business in Libertyville, Illinois.

16.     The allegations of Paragraph 16 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 16 of Gellyfish's Complaint and therefore denies same.

17.     The allegations of Paragraph 17 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 17 of Gellyfish's Complaint and therefore denies same.

18.     The allegations of Paragraph 18 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 18 of Gellyfish's Complaint and therefore denies same.

---

[1] Paragraph 15 of Gellyfish's Complaint identifies Motorola, Inc., which is now known as Motorola Solutions, Inc.

3

19.     The allegations of Paragraph 19 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 19 of Gellyfish's Complaint and therefore denies same.

20.     The allegations of Paragraph 20 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 20 of Gellyfish's Complaint and therefore denies same.

21.     The allegations of Paragraph 21 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 21 of Gellyfish's Complaint and therefore denies same.

22.     The allegations of Paragraph 22 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 22 of Gellyfish's Complaint and therefore denies same.

23.     The allegations of Paragraph 23 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 23 of Gellyfish's Complaint and therefore denies same.

24.     The allegations of Paragraph 24 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 24 of Gellyfish's Complaint and therefore denies same.

25.     The allegations of Paragraph 25 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 25 of Gellyfish's Complaint and therefore denies same.

26.     The allegations of Paragraph 26 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 26 of Gellyfish's Complaint and therefore denies same.

27.     The allegations of Paragraph 27 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 27 of Gellyfish's Complaint and therefore denies same.

28.     The allegations of Paragraph 28 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 28 of Gellyfish's Complaint and therefore denies same.

29.     The allegations of Paragraph 29 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 29 of Gellyfish's Complaint and therefore denies same.

30.     The allegations of Paragraph 30 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 30 of Gellyfish's Complaint and therefore denies same.

31.     The allegations of Paragraph 31 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 31 of Gellyfish's Complaint and therefore denies same.

32.     The allegations of Paragraph 32 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 32 of Gellyfish's Complaint and therefore denies same.

33.     The allegations of Paragraph 33 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 33 of Gellyfish's Complaint and therefore denies same.

34.     The allegations of Paragraph 34 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 34 of Gellyfish's Complaint and therefore denies same.

35.     The allegations of Paragraph 35 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 35 of Gellyfish's Complaint and therefore denies same.

## JURISDICTION AND VENUE

36.     Motorola Mobility admits that this action arises under the patent laws of the United States, that this Court has jurisdiction over the subject matter of this case, and that Motorola Mobility is subject to this Court's personal jurisdiction.  Motorola Mobility denies that it has committed any acts of infringement and denies all other allegations contained in Paragraph 36 of Gellyfish's Complaint pertaining in any way to Motorola Mobility.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 36 of Gellyfish's Complaint and therefore denies same.

37.     Motorola Mobility admits that it is subject to this Court's personal jurisdiction and that venue is proper as to it in this District.  Motorola Mobility denies that it has committed any acts of infringement in this District (or elsewhere) and denies all other allegations contained in Paragraph 37 of Gellyfish's Complaint pertaining in any way to Motorola Mobility.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or

information sufficient to enable it to admit or deny those allegations contained in Paragraph 37 of Gellyfish's Complaint and therefore denies same.

38.     Motorola Mobility admits that this Court has jurisdiction over the subject matter of this case, and that Motorola Mobility is subject to this Court's personal jurisdiction.  Motorola Mobility denies that it has committed any acts of infringement and denies all other allegations contained in Paragraph 38 of Gellyfish's Complaint pertaining in any way to Motorola Mobility.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 38 of Gellyfish's Complaint and therefore denies same.

39.     Motorola Mobility admits that venue in this District is proper as to it, but it reserves its rights to transfer this action to a more convenient forum.  Motorola Mobility denies any remaining allegations contained in Paragraph 39 of Gellyfish's Complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,847,310[2]

40.     Motorola Mobility admits that United States Patent No. 6,487,310 (the "'310 patent") is entitled "Keyboard" and was issued on January 25, 2005.  Motorola Mobility denies any remaining allegations contained in Paragraph 40 of Gellyfish's Complaint.

41.     Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 41 of Gellyfish's Complaint and therefore denies same.

42.     The allegations of Paragraph 42 are legal conclusions for which no response is necessary.  To the extent a response is necessary, Motorola Mobility is without knowledge or

---

[2] In its Complaint, Gellyfish lists "U.S. Patent No. 5,930,310" in the section header, but identifies "United States Patent No. 6,847,310" in Paragraph 40. The latter appears to be the intended U.S. Patent and is addressed herein.

information sufficient to enable it to admit or deny the allegations contained in Paragraph 42 of Gellyfish's Complaint and therefore denies same.

43.     Motorola Mobility denies all allegations contained in Paragraph 43 of Gellyfish's Complaint pertaining in any way to Motorola Mobility.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 43 of Gellyfish's Complaint and therefore denies same.

44.     The allegations of Paragraph 44 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 44 of Gellyfish's Complaint and therefore denies same.

45.     The allegations of Paragraph 45 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 45 of Gellyfish's Complaint and therefore denies same.

46.     The allegations of Paragraph 46 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 46 of Gellyfish's Complaint and therefore denies same.

47.     The allegations of Paragraph 47 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 47 of Gellyfish's Complaint and therefore denies same.

48.     The allegations of Paragraph 48 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 48 of Gellyfish's Complaint and therefore denies same.

49.     The allegations of Paragraph 49 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 49 of Gellyfish's Complaint and therefore denies same.

50.     The allegations of Paragraph 50 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 50 of Gellyfish's Complaint and therefore denies same.

51.     The allegations of Paragraph 51 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 51 of Gellyfish's Complaint and therefore denies same.

52.     The allegations of Paragraph 52 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 52 of Gellyfish's Complaint and therefore denies same.

53.     The allegations of Paragraph 53 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 53 of Gellyfish's Complaint and therefore denies same.

54.     The allegations of Paragraph 54 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 54 of Gellyfish's Complaint and therefore denies same.

55.     The allegations of Paragraph 55 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 55 of Gellyfish's Complaint and therefore denies same.

56.     The allegations of Paragraph 56 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 56 of Gellyfish's Complaint and therefore denies same.

57.     The allegations of Paragraph 57 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 57 of Gellyfish's Complaint and therefore denies same.

58.     The allegations of Paragraph 58 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 58 of Gellyfish's Complaint and therefore denies same.

59.     The allegations of Paragraph 59 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 59 of Gellyfish's Complaint and therefore denies same.

60.     Motorola Mobility denies it has infringed any valid and enforceable claim of the '310 patent.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 60 of Gellyfish's Complaint and therefore denies same.

61.     Motorola Mobility denies all allegations contained in Paragraph 61 of Gellyfish's Complaint pertaining in any way to Motorola Mobility.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 61 of Gellyfish's Complaint and therefore denies same.

62.     Motorola Mobility denies that any of its devices or apparatuses have infringed any valid and enforceable claim of the '310 patent.  As to allegations regarding any other defendant,

Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 62 of Gellyfish's Complaint and therefore denies same.

63.     The allegations of Paragraph 63 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 63 of Gellyfish's Complaint and therefore denies same.

64.     The allegations of Paragraph 64 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 64 of Gellyfish's Complaint and therefore denies same.

65.     The allegations of Paragraph 65 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 65 of Gellyfish's Complaint and therefore denies same.

66.     The allegations of Paragraph 66 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 66 of Gellyfish's Complaint and therefore denies same.

67.     The allegations of Paragraph 67 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 67 of Gellyfish's Complaint and therefore denies same.

68.     The allegations of Paragraph 68 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 68 of Gellyfish's Complaint and therefore denies same.

69.     The allegations of Paragraph 69 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 69 of Gellyfish's Complaint and therefore denies same.

70.     The allegations of Paragraph 70 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 70 of Gellyfish's Complaint and therefore denies same.

71.     The allegations of Paragraph 71 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 71 of Gellyfish's Complaint and therefore denies same.

72.     The allegations of Paragraph 72 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 72 of Gellyfish's Complaint and therefore denies same.

73.     The allegations of Paragraph 73 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 73 of Gellyfish's Complaint and therefore denies same.

74.     The allegations of Paragraph 74 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 74 of Gellyfish's Complaint and therefore denies same.

75.     The allegations of Paragraph 75 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 75 of Gellyfish's Complaint and therefore denies same.

76.     The allegations of Paragraph 76 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 76 of Gellyfish's Complaint and therefore denies same.

77.     The allegations of Paragraph 77 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 77 of Gellyfish's Complaint and therefore denies same.

78.     The allegations of Paragraph 78 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 78 of Gellyfish's Complaint and therefore denies same.

79.     The allegations of Paragraph 79 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 79 of Gellyfish's Complaint and therefore denies same.

80.     The allegations of Paragraph 80 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 80 of Gellyfish's Complaint and therefore denies same.

81.     The allegations of Paragraph 81 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 81 of Gellyfish's Complaint and therefore denies same.

82.     The allegations of Paragraph 82 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 82 of Gellyfish's Complaint and therefore denies same.

83.     The allegations of Paragraph 83 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 83 of Gellyfish's Complaint and therefore denies same.

84.     The allegations of Paragraph 84 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 84 of Gellyfish's Complaint and therefore denies same.

85.     The allegations of Paragraph 85 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 85 of Gellyfish's Complaint and therefore denies same.

86.     The allegations of Paragraph 86 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 86 of Gellyfish's Complaint and therefore denies same.

87.     The allegations of Paragraph 87 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 87 of Gellyfish's Complaint and therefore denies same.

88.     The allegations of Paragraph 88 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 88 of Gellyfish's Complaint and therefore denies same.

89.     The allegations of Paragraph 89 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 89 of Gellyfish's Complaint and therefore denies same.

90.     The allegations of Paragraph 90 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 90 of Gellyfish's Complaint and therefore denies same.

91.     The allegations of Paragraph 91 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 91 of Gellyfish's Complaint and therefore denies same.

92.     The allegations of Paragraph 92 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 92 of Gellyfish's Complaint and therefore denies same.

93.     The allegations of Paragraph 93 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 93 of Gellyfish's Complaint and therefore denies same.

94.     The allegations of Paragraph 94 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 94 of Gellyfish's Complaint and therefore denies same.

95.     Motorola Mobility denies all allegations directed to devices and apparatuses attributed to Motorola Mobility by Paragraph 95 of Gellyfish's Complaint and denies any other allegations contained in Paragraph 95 of Gellyfish's Complaint pertaining in any way to Motorola Mobility.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 95 of Gellyfish's Complaint and therefore denies same.

96.     The allegations of Paragraph 96 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 96 of Gellyfish's Complaint and therefore denies same.

97.     The allegations of Paragraph 97 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 97 of Gellyfish's Complaint and therefore denies same.

98.     The allegations of Paragraph 98 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 98 of Gellyfish's Complaint and therefore denies same.

99.     The allegations of Paragraph 99 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 99 of Gellyfish's Complaint and therefore denies same.

100.     The allegations of Paragraph 100 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 100 of Gellyfish's Complaint and therefore denies same.

101.     The allegations of Paragraph 101 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 101 of Gellyfish's Complaint and therefore denies same.

102.     The allegations of Paragraph 102 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 102 of Gellyfish's Complaint and therefore denies same.

103.     The allegations of Paragraph 103 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 103 of Gellyfish's Complaint and therefore denies same.

104.    The allegations of Paragraph 104 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 104 of Gellyfish's Complaint and therefore denies same.

105.    The allegations of Paragraph 105 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 105 of Gellyfish's Complaint and therefore denies same.

106.    The allegations of Paragraph 106 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 106 of Gellyfish's Complaint and therefore denies same.

107.    The allegations of Paragraph 107 are not directed to Motorola Mobility.  Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 107 of Gellyfish's Complaint and therefore denies same.

108.    Paragraph 108 of Gellyfish's Complaint contains a reservation of right for which no response is required.

109.    Paragraph 109 of Gellyfish's Complaint contains a reservation of right for which no response is required.

110.    Paragraph 110 of Gellyfish's Complaint contains a reservation of right for which no response is required.

111.    Motorola Mobility denies all allegations contained in Paragraph 111 of Gellyfish's Complaint pertaining in any way to Motorola Mobility.  As to allegations regarding any other defendant, Motorola Mobility is without knowledge or information sufficient to enable it to admit or deny those allegations contained in Paragraph 111 of Gellyfish's Complaint and therefore denies same.

## **GELLYFISH'S PRAYER FOR RELIEF**

Motorola Mobility denies any express or implied allegations of Gellyfish's Complaint not otherwise responded to, and denies that Gellyfish is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Motorola Mobility alleges and asserts the following defenses in response to the allegations by Gellyfish, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE

112.   Gellyfish has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

113.   Motorola Mobility has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '310 patent.

### THIRD AFFIRMATIVE DEFENSE

114.   Some or all of the claims of the '310 patent are invalid under one or more provisions of Title 35, United States Code, including, but not limited to sections 101, 102, 103, and 112 of Title 35.

### FOURTH AFFIRMATIVE DEFENSE

115.   Some or all of the Gellyfish's claims are barred by one or more of the equitable doctrines of waiver, acquiescence, laches, and unclean hands.

18

## FIFTH AFFIRMATIVE DEFENSE

116.    Gellyfish is not entitled to any form of injunction because Gellyfish has not suffered and will not suffer irreparable harm because of Motorola Mobility's conduct, and Gellyfish has an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

117.    Gellyfish's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

118.    Motorola Mobility's accused devices and apparatuses identified in Gellyfish's Complaint do not infringe any valid and enforceable claim of the '310 patent under the reverse doctrine of equivalents, because, for example, they are substantially changed from the alleged invention described in the '310 patent specification and/or because they include one or more corresponding elements that perform a substantially different function in a substantially different way to achieve a substantially different result.

## EIGHTH AFFIRMATIVE DEFENSE

119.    Under the provisions of 35 U.S.C. § 286, Gellyfish is precluded from seeking recovery for any of Motorola Mobility's allegedly infringing acts occurring more than six years before the filing of the Complaint.

## COUNTERCLAIM

Counterclaim Plaintiff Motorola Mobility, Inc. ("Motorola Mobility") asserts the following Counterclaim against Plaintiff and Counterclaim Defendant Gellyfish Technology of Texas, LLC ("Gellyfish").

1.      Motorola Mobility seeks a declaration by this Court that U.S. Patent Nos. 6,847,310 (the "'310 patent") has not been infringed by Motorola Mobility.

2.      Motorola Mobility seeks a declaration by this Court the '310 patent is invalid.

## JURISDICTION AND VENUE

3.      Subject to Motorola Mobility's affirmative defenses and denials above, Motorola Mobility alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. § 1331, 1338(a), 2201 and 2202, and that venue for Motorola Mobility's Counterclaims is proper in this district.

## PARTIES

4.      Motorola Mobility is a Delaware corporation having its principal place of business at 600 N. U. S. Highway 45, Libertyville, Illinois, United States.  Upon information and belief, Gellyfish is a Texas limited liability company with a place of business in Marshall, Texas.  Gellyfish has availed itself of this forum and is therefore subject to the personal jurisdiction of this Court, and has also consented to the propriety of venue in this District.

## COUNT I
### (Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

5.      Gellyfish has alleged in this action that Motorola Mobility has infringed the '310 patent. Motorola Mobility denies that it has infringed any valid and enforceable claim of the '310 patent.

6.      There accordingly is an actual, immediate, and justiciable controversy between the parties.

7.      Motorola Mobility is entitled to a declaration by this Court that Motorola Mobility has not infringed and is not infringing any valid and enforceable claim of the '310 patent.

8.      Motorola Mobility is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
(Declaratory Judgment of Invalidity, 28 U.S.C. §§ 2201-2202)

9.      Gellyfish has alleged in this action that Motorola Mobility has infringed the '310 patent. However, some or all of the claims of the '310 patent are invalid.

10.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

11.     Motorola Mobility is entitled to a declaration by the Court rendering some or all of the claims of the '310 patent invalid.

12.     The earliest priority date claimed by the '310 patent is June 21, 2002.

13.     Claim 1 of the '310 patent recites: "A keyboard for use in a portable device comprising: a alphabetic keyboard with at least one key for each English letter arranged in a qwerty pattern for producing an output recognizable as letters,

a numerical keyboard having at least ten keys arranged in a pattern identical to that of a standard telephone keypad with a first row including 1, 2, and 3 keys at the top and coincident with the right half of the top row of the alphabetic keyboard, a middle row including 4, 5, and 6 keys below the first row,

and the second middle row including 7, 8, and 9 keys and an ultimate row below the second middle row including a 0 key, and

a shifting means for shifting the function of keys between that of a alphabetic and numerical keyboards and keypads."



Figure 2

14. Claim 1 of the '310 patent is invalid, among many other reasons, because it is anticipated under one or more sections of 35 U.S.C. § 102 by U.S. Patent No. 7,356,361 to Hawkins ("the '361 patent").

15. The '361 patent was filed on October 13, 2001, and claims priority to Provisional Application Serial No. 60/297,817, filed on June 11, 2001.

16. The '361 patent was filed before the earliest priority date of the '310 patent.

17. The '361 patent claims priority to a provisional application that was filed more than one year before the earliest priority date of the '310 patent.

18. The '361 patent was not cited by the patent examiner during prosecution of the application that led to the '310 patent.

19. Figure 6A of the '361 patent, along with its accompanying description, discloses a keyboard for use in a mobile device.

20.   Figure 6A of the '361 patent, along with its accompanying description, discloses an alphabetic keyboard with at least one key for each English letter arranged in a qwerty pattern for producing an output recognizable as letters.



FIG. 6A

21.   Figure 6A of the '361 patent, along with its accompanying description, discloses a numerical keyboard having at least ten keys arranged in a pattern identical to that of a standard telephone keypad with a first row including 1, 2, and 3 keys at the top and coincident with the right half of the top row of the alphabetic keyboard, a middle row including 4, 5, and 6 keys below the first row.



FIG. 6A

22.  Figure 6A of the '361 patent, along with its accompanying description, discloses a numeric keypad with a second middle row including 7, 8, and 9 keys and ultimate row below the second middle row including a 0 key.



23.  Column 7 of the '361 patent discloses that "FIG. 6A illustrates an embodiment of a keyboard 103 and a subset of keys 610, 612, 614, 616, 618, 620, 622, 624, 626, 630 whose option symbols, as shown in FIG. 3B, together comprise a keypad of the digits zero (0) through nine (9) as they would appear on a typical touch-tone telephone keypad. For example, normal character keys 'y', 'u' and 'i' have respectively as their option symbols '1', '2' and '3'. This embodiment includes an option key 628."



24.  The option key as described in the '361 patent is a shifting means for shifting the function of keys between that of an alphabetic and numerical keyboards and keypads.

24

25.    The '361 patent discloses every limitation of claim 1 of the '310 patent.

26.    One or more claims of the '310 patent also are anticipated under one or more sections of 35 U.S.C. § 102 by the Handspring Treo 180 Communicator ("the Treo") or the Treo User's Guide, attached as Exhibit A.

27.    The Treo User's Guide has a Copyright date of 2001.

28.    The Federal Communications Commission ("FCC") ID for the Treo is O8FNYNY.

29.    Information regarding FCC ID applications is available to the public at the website www.fcc.gov/oet/fccid

30.    At least part of the Treo FCC ID application was submitted on or before July 18, 2001.

31.    The Treo was invented, known, described in a printed publication, sold, offered for sale, or in public use in the United States on or before June 21, 2002.

32.    Neither the Treo nor the Treo User's Guide were cited by the patent examiner during prosecution of the application that led to the '310 patent.

33.    Page 27 along with other relevant sections of the Treo User's Guide discloses a keyboard for use in a mobile device.

34.    Page 27 along with other relevant sections of the Treo User's Guide discloses an alphabetic keyboard with at least one key for each English letter arranged in a qwerty pattern for producing an output recognizable as letters.



1. A keyboard for use in a portable device comprising:

a alphabetic keyboard with at least one key for each English letter arranged in a qwerty pattern for producing an output recognizable as letters,

a numerical keyboard having at least ten keys arranged in a pattern identical to that of a standard telephone keypad with a first row including 1, 2, and 3 keys at the top and coincident with the right half of the top row of the alphabetic keyboard, a middle row including 4, 5, and 6 keys below the first row,

and the second middle row including 7, 8, and 9 keys and an ultimate row below the second middle row including a 0 key, and

a shifting means for shifting the function of keys between that of a alphabetic and numerical keyboards and keypads.

35.     Page 27 along with other relevant sections of the Treo User's Guide discloses a numerical keyboard having at least ten keys arranged in a pattern identical to that of a standard telephone keypad with a first row including 1, 2, and 3 keys at the top and coincident with the right half of the top row of the alphabetic keyboard, a middle row including 4, 5, and 6 keys below the first row.



36.     Page 27 along with other relevant sections of the Treo User's Guide discloses a numeric keypad with a second middle row including 7, 8, and 9 keys and ultimate row below the second middle row including a 0 key.



37.     Page 27 of the Treo User's Guide discloses that the "Each letter key on the keyboard has three functions" and that one of those functions is an "Option" function, which "Types the number/symbol, or activates the function, that appears in blue on the key."



38.   The "Option" key as described in the Treo User's Guide is a shifting means for shifting the function of keys between that of an alphabetic and numerical keyboards and keypads.

39.   The Treo User's Guide discloses each limitation of claim 1 of the '310 patent.

40.   Pages 29-30 along with other relevant sections of the Treo User's Guide disclose how a user of the Treo can enter "extended characters" including accents (, '), tildes (~), and carets (^).

41.   Pages 29-30 along with other relevant sections of the Treo User's Guide disclose a keyboard for use in a portable device as in claim 1, further comprising means for generating international characters.

42.   The Treo User's Guide discloses each limitation of claim 2 of the '310 patent.

43.   Pages 29-30 along with other relevant sections of the Treo User's Guide disclose a keyboard for use in a portable device as in claim 2, wherein said international characters generated by said further comprising means include accents (, '), tildes (~), and carets (^).



| Base character | Symbols | Base character | Symbols | Base character | Symbols |
|---|---|---|---|---|---|
| a | æ | O | Ø | . | ? ! … |
| A | Æ | p | ¶ | , | … |
| b | ß | P | ¶ | ! | ¡ |
| B | ß | r | ® | ? | ¿ |
| c | ¢ © ^ ' | R | ® | : | : :-) :-( ;-) :-D |
| C | ¢ © ^ ' | s | ß § | ' | ' ' ‹ › ~ ˜ |
| d | † ‡ | S | ß § | " | " " « » |
| D | † ‡ Ð | t | ~ ™ † ‡ | $ | € £ ¥ |

**3.** A keyboard for use in a portable device as in claim **1**, wherein said international characters generated by said further comprising means include accents (ˋ, ˊ), tildes (~), and carets (ˆ).

44.   The Treo User's Guide discloses each limitation of claim 3 of the '310 patent.

45.   Page 27 along with other relevant sections of the Treo User's Guide discloses that the Treo keyboard includes a Menu/Applications key.

Option
Shift/Find
Space

Backspace
Return
Menu/Applications
ListType

**4.** A keyboard for use in a portable device as in claim **2**, further comprising at least one specialized computer operating key.

46.   The Menu/Applications key disclosed by the Treo User's Guide is a specialized computer operating key.

47.   The Treo User's Guide discloses each limitation of claim 4 of the '310 patent.

48.   One or more claims of the '310 patent are anticipated under one or more sections of 35 U.S.C. § 102 by the Motorola V200 Personal Communicator device ("the V200") or the V200 User's Guide, attached as Appendix B.

49.   The V200 User's Guide has a Copyright date of 2001.

50.   Page 86 of the V200 User's Guide shows the FCC ID for the V200, which is 1HDT56BG1.

51.     At least part of the V200 FCC ID application was submitted on or before July 12, 2001.

52.     The V200 was invented, known, described in a printed publication, sold, offered for sale, or in public use in the United States on or before June 21, 2002.

53.     Neither the V200 nor the V200 User's Guide were cited by the patent examiner during prosecution of the application that led to the '310 patent.

54.     Page 23 along with other relevant sections of the V200 User's Guide discloses a keyboard for use in a mobile device.

55.     Page 23 along with other relevant sections of the V200 User's Guide discloses an alphabetic keyboard with at least one key for each English letter arranged in a qwerty pattern for producing an output recognizable as letters.



56.     Page 23 along with other relevant sections of the V200 User's Guide discloses a numerical keyboard having at least ten keys arranged in a pattern identical to that of a standard telephone keypad with a first row including 1, 2, and 3 keys at the top and

coincident with the right half of the top row of the alphabetic keyboard, a middle row including 4, 5, and 6 keys below the first row.



57.     Page 23 along with other relevant sections of the V200 User's Guide discloses a numeric keypad with a second middle row including 7, 8, and 9 keys and ultimate row below the second middle row including a 0 key.



58. Page 43 along with other relevant sections of the V200 User's Guide discloses a way to enter a "Numlock Mode," which when entered, "pressing the keys in the three rows at the right of the keypad produces the numbers or characters indicate (0-9, * and #)."

59. Page 43 along with other relevant sections of the V200 User's Guide discloses that the Numlock mode may be entered for one character by pressing a solid color key on the keyboard.



60. The solid color key shown on page 43 of V200 User's Guide is a shifting means for shifting the function of keys between that of an alphabetic and numerical keyboards and keypads.

61. The V200 User's Guide discloses each limitation of claim 1 of the '310 patent.

62. Page 44 of the V200 User's Guide discloses that the "Personal Communicator includes a built-in list of special symbols that you can select for an entry."

63. Page 44 along with other relevant sections of the V200 User's Guide discloses keyboard for use in a portable device as in claim 1, further comprising means for generating international characters.

64. The V200 User's Guide discloses each limitation of claim 2 of the '310 patent.

65. Page 1 along with other relevant sections of the V200 User's Guide discloses that the V200's keyboard includes "Scroll Keys" that "move up or down through menus and lists."

66. Page 1 along with other relevant sections of the V200 User's Guide discloses a keyboard for use in a portable device as in claim 2, further comprising at least one specialized computer operating key.



67.   The V200 User's Guide discloses each limitation of claim 4 of the '310 patent.

68.   Accordingly, based upon the above-recited prior art, as well as other prior art and for other reasons, the claims of the '310 patent are invalid, and Motorola Mobility is entitled to a declaration of invalidity.

69.   Motorola Mobility is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

Wherefore, Motorola Mobility respectfully prays that the Court enter judgment:

1.   Adjudging and declaring that Motorola Mobility has not infringed and is not infringing the '310 patent;

2.   Adjudging and declaring that the '310 patent is invalid;

3.   Awarding Motorola Mobility its costs, including attorneys' fees; and

4.   Awarding Motorola Mobility such other relief as the Court deems just and proper.

## JURY DEMAND

Motorola Mobility demands a trial by jury.

Respectfully submitted this 29th day of July, 2011.

*/s/ Steven D. Moore*
Steven D. Moore
North Carolina Bar No.: 23367
Bret T. Winterle
North Carolina Bar No.: 32051
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
Telephone:  (336) 607-7431
Facsimile:  (336) 607-7500

smoore@kilpatricktownsend.com
bwinterle@kilpatricktownsend.com

*Attorneys for Defendant Motorola Mobility, Inc.*


Michael E. Jones
State Bar No.:  10929400
Allen F. Gardner
State Bar No.:  24043679
Potter Minton
110 N. College
Tyler, Texas  75702
Telephone:  (903) 597-8311

michaeljones@potterminton.com
allengardner@potterminton.com

*Attorneys for Defendant Motorola Mobility, Inc.*

34

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 29, 2011. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Steven D. Moore*
Steven D. Moore
