IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GELLYFISH TECHNOLOGY OF TEXAS, LLC, | Civil Action No.: 2:11-cv-216-DF |
| Plaintiff, | Jury Demand |
| v. | |
| ALLTEL CORP., et. al., | |
| Defendants. / | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF UT STARCOM, INC. F/K/A AUDIOVOX**

Defendant, UT Starcom, Inc., (UT Starcom) by and through its undersigned counsel of record, pursuant to Federal Rules of Civil Procedure 7-9, 12 and 13, files this Answer, Affirmative Defenses and Counterclaims to the Complaint of Gellyfish Technology of Texas, LLC ("Gellyfish") as follows:

**PARTIES**

1.      Defendant, UT Starcom is without knowledge or information sufficient to enable it to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.-32.  The allegations of paragraphs 2-32 are not directed to UT Starcom. UT Starcom is no required to admit or deny the allegations contained in paragraphs 2-32 of the Complaint but, to the extent that the Court determines that UT Starcom is required to plead to those paragraphs of the Complaint, those paragraphs 2 – 32 are denied.

33.     Defendant, UT Starcom admits the first sentence of paragraph 33 of the Complaint.

UT Starcom denies the second sentence of paragraph 33 of the Complaint.

34-35. The allegations of paragraphs 34-35 are not directed to UT Starcom. UT Starcom is no required to admit or deny the allegations contained in paragraphs 34 - 35 of the Complaint but, to the extent that the Court determines that UT Starcom is required to plead to those paragraphs of the Complaint, those paragraphs 34 and 35 are denied.

## JURISDICTION AND VENUE

36. In response to the first sentence of paragraph 36 of the Complaint, Defendant, UT Starcom admits that the Plaintiff seeks to bring an action arising under the Patent Laws of the United States. In response to the second sentence of paragraph 36 of the Complaint, Defendant UT Starcom admits that this Court has subject matter jurisdiction of such an action. UT Starcom denies that it is subject to the Court's specific general and personal jurisdiction and therefore denies the third sentence of paragraph 36 of the Complaint. The fourth sentence of paragraph 36 of the Complaint is not directed to UT Starcom and therefore UT Starcom, being without knowledge or information sufficient to enable it to admit or deny those allegations, denies the same. UT Starcom denies last sentence of paragraph 36 of the Complaint.

37. Defendant UT Starcom denies the first three sentences of paragraph 47 of the Complaint. The fourth sentence of paragraph 37 of the Complaint is not directed to UT Starcom and therefore UT Starcom, being without knowledge or information sufficient to enable it to admit or deny those allegations, denies the same. Defendant UT Starcom denies the last sentence of paragraph 37 of the complaint.

38. Defendant, UT Starcom admits that this Court has subject matter jurisdiction as set forth in the first sentence of paragraph 38 of the Complaint. Defendant denies the remainder of

paragraph 38 of the Complaint.

39.     Defendant, UT Starcom denies that venue is appropriate and/or convenient as to it.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,310(*sic*)

40.     Defendant, UT Starcom admits that United States Patent No. 6,847,310 (the "'310 Patent") is entitled "KEYBOARD" and issued on January 25, 2005 but denies the remaining allegations of paragraph 40 of the Complaint.

41.     Defendant, UT Starcom is without knowledge or information sufficient to enable it to admit or deny the allegations contained in paragraph 41 of the Complaint and therefore denies the same.

42.     This paragraph contains legal conclusions as to which no response is necessary but in the event that the Court determines that a response is necessary, UT Starcom is without knowledge or information sufficient to enable it to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43.     Defendant, UT Starcom denies the allegations of paragraph 43 of the Complaint as it relates to Defendant, UT Starcom.  Defendant, UT Starcom is without knowledge or information sufficient to enable it to admit or deny the allegations contained in paragraph 43 of the Complaint as to any other Defendant and therefore denies the same.

44.-98. The allegations of paragraphs 44-98 are not directed to UT Starcom.  UT Starcom is without knowledge or information sufficient to enable it to admit or deny the allegations contained in one or more of paragraphs 44-98 of the Complaint except as noted in paragraphs 100-101 hereof, and therefore denies those allegations.

99. Defendant, UT Starcom denies that it has infringed any valid and enforceable claim of the '310 Patent.

100. Defendant, UT Starcom admits that in the past it has made, used, and/or offered for sale at least the products specified in paragraph 100 of the Complaint, and denies that it currently makes, uses, sells and/or offers for sale any of the products with the "model numbers" and/or "Quickfire" name listed in paragraph 100 of the Complaint, and further states that its only sales for the products specified in paragraph 100 of the Complaint were to Defendant PCD.

101. Defendant, UT Starcom denies that the products listed in paragraph 101 of the Complaint are infringing devices and/or infringing apparatuses.

102.-107. The allegations of paragraphs 102-107 are not directed to UT Starcom. UT Starcom is without knowledge or information sufficient to enable it to admit or deny the allegations contained in one or more of paragraphs 102 – 107 44 of the Complaint except as noted in paragraphs 100-101 hereof, and therefore denies those allegations.

108-110. Paragraphs 108-110 of the Complaint are reservations of right for which no response is required.

111. Defendant, UT Starcom denies all the allegations of paragraph 111 of the Complaint as it relates UT Starcom. As to the allegations of paragraph 111 of the Complaint relating to any other Defendant, UT Starcom is without knowledge or information sufficient to enable it to admit or deny the allegations contained in paragraphs 111 of the Complaint and therefore denies the same.

## GENERAL DENIAL

112. Defendant, UT Starcom denies any express or implied allegations of the Complaint not otherwise responded to above.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant, UT Starcom denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendant, UT Starcom, in further answer to the Complaint, asserts the following defenses under Fed. R. Civ. P. 8(c)(1). Should any of the following defenses be more properly denominated as Counterclaims then they are hereby designated as such pursuant to Fed. R. Civ. P. 8(c)(2).

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

113.   Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

114.   This Court does not have personal jurisdiction over Defendant UT Starcom.

## THIRD AFFIRMATIVE DEFENSE

### (Improper Venue)

115.   Venue in this judicial district is improper and inconvenient as to Defendant UT Starcom.

## FOURTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

116.   Defendant UT Starcom has not infringed directly or indirectly, (by inducement or contributorily) any valid and/or enforceable claim of '310 Patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Patent Invalidity)

117. The claims of the '310 Patent are invalid under one or more of the provisions of 35 U.S.C. including but not limited to §§ 101-103 and 112.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

118. Plaintiff's claim against Defendant UT Starcom is barred by one or more of the equitable doctrines of waiver, acquiesce, laches and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

119. Plaintiff's claims for relief against Defendant UT Starcom are barred in whole or in part by the Doctrine of Prosecution History Estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on Damages – Marking and Notice)

120. Plaintiff's claim for damages against Defendant UT Starcom is limited by 35 U.S.C. §287 for failure to mark products allegedly covered by the '310 patent and for failure to give notice of the patent to Defendant UT Starcom.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

121.  Plaintiff's claim for damages is limited to a reasonable royalty under the provisions of 35 U.S.C. § 284.

## TENTH AFFIRMATIVE DEFENSE

### (Limitation on Attorney Fees)

122.  Plaintiff's claim for attorney fees is limited by 35 U.S.C. § 285.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

123.  Plaintiff is not entitled to injunctive relief on the three independent bases: (a) Defendant UT Starcom ceased the accused activity long before this suit was brought and there is no likelihood that Defendant UT Starcom will resume the accused activity, and (b) Plaintiff cannot show irreparable harm, and (c) there is an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

124.  Plaintiff is precluded from seeking recovery for any of this Defendant UT Starcom's alleged infringing acts occurring more than six years before the filing of the Complaint pursuant to 35 U.S.C. § 286.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

125.    UT Starcom reserves the right to assert such additional affirmative defenses that it may become aware of during the pendency of this action.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Defendant UT Starcom, Inc. (UT Starcom), by their undersigned attorneys, for their Counterclaims against Plaintiff Gellyfish Technology of Texas, LLC ("Gellyfish") state as follows:

### FACTS COMMON TO AND APPLICABLE TO ALL COUNTERCLAIMS

### PARTIES

1.    Counterclaim Plaintiff UT Starcom, Inc. (UT Starcom) is a Corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 52-2 Building, BDA International Enterprise Avenue, No. 2 Jingyuan North Street, Daxing District, Beijing, P.R. China.

2.    Upon information and belief, Counter-claim Defendant Gellyfish is a Texas Limited Liability Company claiming to have a place of business in Marshall, Texas.

### JURISDICTION AND VENUE

3.    These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. § 2201 *et seq.* and the inherent power of the Court.

4.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

5.    Based on the representations to the Court contained in paragraph 1 of the Complaint,

this Court has personal jurisdiction over Gellyfish because Gellyfish claims to be resident in the State of Texas.

6. Based on the representations to the Court contained in the Complaint, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 28 U.S.C. § 1400(b).

7. United States Patent No. 6,847,310 ("the '310 patent") entitled "Keyboard" issued on January 25, 2005.

8. Gellyfish claims to be the present owner of all right, title and interest in and to the '310 patent including, without limitation, the sole right to sue for past infringement.

9. Gellyfish has instituted the present action against UT Starcom (and others) in this judicial district and division, alleging that UT Starcom (and others) have infringed the '310 patent.

10. If the Court finds that Defendant UT Starcom is subject to personal jurisdiction in this Court, there exists a justiciable controversy between Defendant UT Starcom and Gellyfish concerning the validity and/or infringement of the '310 patent as set forth in the Complaint and as set forth in this Answer, Affirmative Defenses and Counterclaims.

**FIRST COUNTERCLAIM FOR RELIEF**

**(Invalidity of the '310 Patent Under 35 U.S.C. § 102 – Hawkins 7,356,631)**

11. UT Starcom incorporates the allegations in paragraphs 1 – 10 of these counterclaims as fully and completely as if set forth herein verbatim.

12. The filing date of the '310 patent is June 21, 2002.

13. U.S. Patent No. 7,356,361, ("the 361 patent") a copy of which has been filed by other defendants in this action, is prior art relative to the '310 patent.

14. The '361 patent describes and/or illustrates a keyboard for use in a portable device.

15. The '361 patent describes and/or illustrates, with reference at least to Figure 6A and the text, a alphabetic keyboard with at least one key for each English letter arranged in a qwerty pattern for producing an output recognizable as letters.

16. The '361 patent describes and/or illustrates, with reference at least to Figure 6A and the text, a numerical keyboard having at least ten keys arranged in a pattern identical to that of a standard telephone keypad with a first row including 1,2, and 3 keys at the top and coincident with the right half of the top row of the alphabetic keyboard, a middle row including 4,5, and 6 keys below the first row.

17. The '361 patent describes and/or illustrates, with reference at least to Figure 6A and the text a second middle row including 7,8 and 9 keys and an ultimate row below the second middle row including a 0 key.

18. The '361 patent describes and/or illustrates, with reference at least to Figure 6A and the text, a shifting means for shifting the function of keys between that of a alphabetic and numerical keyboards and keypads.

19. Claim 1 of the '310 patent is anticipated by the '361 patent pursuant to 35 U.S.C. § 102.

20. Claim 1 of the '310 patent is invalid.

## SECOND COUNTERCLAIM FOR RELIEF

**(Invalidity of the '310 Patent Under 35 U.S.C. § 103 – Hawkins 7,356,631)**

21. UT Starcom incorporates the allegations in paragraphs 1 – 18 of these counterclaims as fully and completely as if set forth herein verbatim.

22. Claim 1 of the '310 patent is obvious at least in view of the '361 patent pursuant to 35 U.S.C. § 103.

23. Claim 1 of the '310 patent is invalid.

**THIRD COUNTERCLAIM FOR RELIEF**

**(Invalidity of the '310 Patent Under 35 U.S.C. § 102 – Palm Handspring Treo)**

24. UT Starcom incorporates the allegations in paragraphs 1 – 10 of these counterclaims as fully and completely as if set forth herein verbatim.

25. The Palm Handspring Treo, information about which has been filed by other defendants in this action, is prior art relative to the '310 patent.

26. The Palm Handspring Treo, information about which has been filed by other defendants in this action, includes a keyboard for use in a portable device.

27. The Palm Handspring Treo, information about which has been filed by other defendants in this action, has a alphabetic keyboard with at least one key for each English letter arranged in a qwerty pattern for producing an output recognizable as letters.

28. The Palm Handspring Treo, information about which has been filed by other defendants in this action, has a numerical keyboard having at least ten keys arranged in a pattern identical to that of a standard telephone keypad with a first row including 1,2, and 3 keys at the top and coincident with the right half of the top row of the alphabetic keyboard, a middle row including 4,5, and 6 keys below the first row.

29. The Palm Handspring Treo, information about which has been filed by other defendants in this action, has the second middle row including 7,8 and 9 keys and an ultimate row below the second middle row including a 0 key.

30.     The Palm Handspring Treo, information about which has been filed by other defendants in this action, has a shifting means for shifting the function of keys between that of a alphabetic and numerical keyboards and keypads.

31.     Claim 1 of the '310 patent is anticipated by the Palm Handspring Treo pursuant to 35 U.S.C. § 102(b)

32.     Claim 1 of the '310 patent is invalid.

33.     The Palm Handspring Treo, information about which has been filed by other defendants in this action, includes a feature known as List Type.

34.     The List Type feature of the Palm Handspring Treo was for generating international characters.

35.     Claim 2 of the '310 patent is anticipated by the Palm Handspring Treo pursuant to 35 U.S.C. § 102.

36.     Claim 2 of the '310 patent is invalid.

37.     The Palm Handspring Treo, information about which has been filed by other defendants in this action, includes a feature known as extended characters.

38.     The extended characters feature of the Palm Handspring Treo was for generating international characters including accents (,') tildes (~), and carets (^).

39.     Claim 3 of the '310 patent is anticipated by the Palm Handspring Treo pursuant to 35 U.S.C. § 102.

40.     Claim 3 of the '310 patent is invalid.

41.     A tab feature is described in the '310 patent as being one example of a specialized computer operating key.

42. The Palm Handspring Treo, information about which has been filed by other defendants in this action, includes a tab feature which is accomplished by pressing the shift and space keys.

43. The Palm Handspring Treo, information about which has been filed by other defendants in this action, includes at least one specialized computer operating key.

44. The Palm Handspring Treo, information about which has been filed by other defendants in this action, includes a specialized computer operating key namely a "Tab" key.

45. Claim 4 of the '310 patent is anticipated by the Palm Handspring Treo pursuant to 35 U.S.C. § 102.

46. Claim 4 of the '310 patent is invalid.

47. Claim 5 of the '310 patent is anticipated by the Palm Handspring Treo pursuant to 35 U.S.C. § 102.

48. Claim 5 of the '310 patent is invalid.

49. The Palm Handspring Treo, information about which has been filed by other defendants in this action, includes special computer operating keys including but not limited to up and down scroll keys, and keys to move the cursor to the right and to the left.

50. Claim 6 of the '310 patent is anticipated by the Palm Handspring Treo pursuant to 35 U.S.C. § 102.

51. Claim 6 of the '310 patent is invalid.

### FOURTH COUNTERCLAIM FOR RELIEF

**(Invalidity of the '310 Patent Under 35 U.S.C. § 103 – Palm Handspring Treo)**

52. UT Starcom incorporates the allegations in paragraphs 24-30, 33-34, 37-38, 41- 44

13

and 49 of these counterclaims as fully and completely as if set forth herein verbatim.

53. Claim 1 of the '310 patent is obvious at least in view of the Palm Handspring Treo pursuant to 35 U.S.C. § 103.

54. Claim 1 of the '310 patent is invalid.

55. Claim 2 of the '310 patent is obvious at least in view of the Palm Handspring Treo pursuant to 35 U.S.C. § 103.

56. Claim 2 of the '310 patent is invalid.

57. Claim 3 of the '310 patent is obvious at least in view of the Palm Handspring Treo pursuant to 35 U.S.C. § 103.

58. Claim 3 of the '310 patent is invalid.

59. Claim 4 of the '310 patent is obvious at least in view of the Palm Handspring Treo pursuant to 35 U.S.C. § 103.

60. Claim 4 of the '310 patent is invalid.

61. Claim 5 of the '310 patent is obvious at least in view of the Palm Handspring Treo pursuant to 35 U.S.C. § 103.

62. Claim 5 of the '310 patent is invalid.

63. Claim 6 of the '310 patent is obvious at least in view of the Palm Handspring Treo pursuant to 35 U.S.C. § 103.

64. Claim 6 of the '310 patent is invalid.

## FIFTH COUNTERCLAIM FOR RELIEF

### (Non-Infringement and Invalidity)

65. UT Starcom incorporates the allegations of paragraphs 1 – 64 of these counterclaims

as fully and completely as if set forth herein verbatim.

66. UT Starcom seeks a declaration that the products accused of infringement in the Complaint do not infringe any claim of the '310 patent.

67. UT Starcom seeks a declaration that it is not directly infringing any claims of the '310 patent.

68. UT Starcom seeks a declaration that it is not indirectly infringing any claims of the '310 patent, either by contributorily infringing or by actively inducing infringement.

69. Pleading in the alternative, if any of the UT Starcom products accused of infringement in the Complaint includes all the elements of claim 1 of the '310 patent, the UT Starcom products follow the prior art including but not limited to the prior art identified in these Counterclaims and thus claim 1 of the '310 patent is invalid.

70. Pleading in the alternative, if any of the UT Starcom products accused of infringement in the Complaint includes all the elements of claim 2 of the '310 patent, the UT Starcom products follow the prior art including but not limited to the prior art identified in these Counterclaims and thus claim 2 of the '310 patent is invalid.

71. Pleading in the alternative, if any of the UT Starcom products accused of infringement in the Complaint includes all the elements of claim 3 of the '310 patent, the UT Starcom products follow the prior art including but not limited to the prior art identified in these Counterclaims and thus claim 3 of the '310 patent is invalid.

72. Pleading in the alternative, if any of the UT Starcom products accused of infringement in the Complaint includes all the elements of claim 4 of the '310 patent, the UT Starcom products follow the prior art including but not limited to the prior art identified in these

Counterclaims and thus claim 4 of the '310 patent is invalid.

73.     Pleading in the alternative, if any of the UT Starcom products accused of infringement in the Complaint includes all the elements of claim 5 of the '310 patent, the UT Starcom products follow the prior art including but not limited to the prior art identified in these Counterclaims and thus claim 5 of the '310 patent is invalid.

74.     Pleading in the alternative, if any of the UT Starcom products accused of infringement in the Complaint includes all the elements of claim 6 of the '310 patent, the UT Starcom products follow the prior art including but not limited to the prior art identified in these Counterclaims and thus claim 6 of the '310 patent is invalid.

## SIXTH COUNTERCLAIM FOR RELIEF

### (Exceptional Case)

75.     UT Starcom incorporates the allegations of paragraphs 1 – 74 of these counterclaims as fully and completely as if set forth herein verbatim.

76.     Gellyfish has had notice of the prior art identified in these Counterclaims but has maintained this action notwithstanding such notice and notwithstanding the content of such prior art.

77.     Gellyfish has had notice of additional prior art identified by other Defendants, but has maintained this action notwithstanding such notice and notwithstanding the content of such prior art.

78.     Maintaining this action subsequent to notice of the prior art identified in paragraph 76 makes this an exceptional case pursuant to 35 U.S.C. § 285 entitling Defendant UT Starcom to its attorney fees and costs incurred subsequent to the date upon which Gellyfish had notice of

such prior art.

79. Maintaining this action subsequent to notice of the prior art identified in paragraph 77 makes this an exceptional case pursuant to 35 U.S.C. § 285 entitling Defendant UT Starcom to its attorney fees and costs incurred subsequent to the date upon which Gellyfish had notice of such prior art.

## SEVENTH COUNTERCLAIM FOR RELIEF

### (Reservation)

80. UT Starcom respectfully reserves the right to assert such additional counterclaims as may come to its attention during the pendency of this action.

## PRAYER FOR RELIEF

WHEREFORE, UT Starcom prays for final judgment against Gellyfish and respectfully requests the following relief:

A. Judgment that the Complaint be dismissed as against UT Starcom, with prejudice, and that all relief requested as against UT Starcom be denied;

B. Judgment that all claims of the '310 patent asserted against UT Starcom are invalid;

C. Judgment that all claims of the '310 patent asserted against UT Starcom are not directly infringed by UT Starcom;

D. Judgment that all claims of the '310 patent asserted against UT Starcom are not indirectly infringed by UT Starcom, either contributorily or by active inducement;

E. Judgment that this is an exceptional case at least as early as Plaintiff had notice of the Hawkins Patent, U.S. Patent No. 7,356,361 and an award to Defendant UT Starcom of its reasonable attorneys fees incurred subsequent to such notice;

F. Judgment that this is an exceptional case at least as early as Plaintiff had notice of the Palm Handspring Treo and an award to Defendant UT Starcom of its reasonable attorneys fees incurred subsequent to such notice;

G. Judgment awarding UT Starcom its reasonable costs; and

H. Judgment awarding UT Starcom such other, further, and additional relief as to the Court appears just and proper at law and/or in equity.

Dated: August 1, 2011.

Respectfully submitted,

By: /s/ Jerold I. Schneider
  Jerold I. Schneider
  jischneider@arnstein.com
  ARNSTEIN & LEHR LLP
  515 North Flagler Drive, Suite 600
  West Palm Beach, FL 33401
  Telephone: 561-833-9800
  Facsimile: 561-655-5551

**ATTORNEY FOR DEFENDANT, UT STARCOM, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all counsel of record who have consented to electronic service and are being served with a copy of this document via Court's CM/ECF system per Local Rule CV 5(a)(3) on August 1, 2011. Any other counsel record will be served by First Class U.S. Mail on this same date.

By: /s/ Jerold I. Schneider
  Jerold I. Schneider